IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARCY EARL SWEARINGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1160-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The Court grants the Plaintiff's motion to amend. In the caption of the complaint, Mr. Darcy Swearingen identified the defendant(s) as: "Department of Justice (Drug Enforcement Administration, and United States Attorney's Office." Doc. 1 at p. 1. In the body of the complaint, however, Mr. Swearingen identified the defendant as the "United States of America." *Id.* The parties apparently agree that the existing defendants are the Drug Enforcement Administration and the United States Attorney's Office.

Because the Plaintiff has invoked the FTCA for his sole claim, the Drug Enforcement Administration and United States Attorney's Office argue that the only proper defendant is the United States of America. The Plaintiff does not disagree, and he seeks amendment of the complaint to substitute the United States of America as the sole defendant. The Defendants do not object to the designation of the United States as a defendant. The Court grants the motion, and the United States of America is substituted as the sole defendant in this action. The Plaintiff need not file an amended complaint.

In the motion to amend, the Plaintiff also requests that the Court treat the amendment as timely or as relating back to the filing date of the date that the Rule 41(g) motion was filed. The Drug Enforcement Agency and United States Attorney's Office object. Such treatment would be inappropriate through the vehicle of a motion to amend the complaint.

Fed. R. Civ. P. 15(c) governs when an amendment relates back to the filing of the original complaint. The Drug Enforcement Agency and United States Attorney's Office contend that the amendment should not relate back to the filing of the initial complaint. This disagreement is briefed in the motion to dismiss, and an anticipatory ruling here would be inappropriate. As discussed elsewhere, dismissal of the action is necessary even if the action were considered timely. As a result, the Court declines to address this part of the Plaintiff's motion.

So ordered this 8th day of August, 2008.

/s/ Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge