IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARCY EARL SWEARINGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. CIV-07-1160-M |
| ) | |
| UNITED STATES OF AMERICA,[1] ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Mr. Darcy Swearingen sues under the Federal Tort Claims Act ("FTCA"), seeking damages for the loss of his property. In part, the Defendant claims sovereign immunity and denies the existence of subject-matter jurisdiction. The Court should grant the motion to dismiss.[2]

Background

Mr. Swearingen filed a motion for return of confiscated property under Fed. R. Civ. P. 41(g), and this Court found that the property had been given to a third-party and lost. *See* Civil Complaint Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671-2680 at p. 4 (Oct. 15, 2007) ("Complaint"); *see also United States v. Swearingen*, Case No. CR-03-

---

[1]   The Court allowed Mr. Swearingen to amend his original complaint to name the United States of America as the sole defendant. Order (Aug. 8, 2008). The Plaintiff was not required to file a new complaint.

[2]   Because dismissal is necessary based on the absence of subject-matter jurisdiction, the Court need not address the Defendant's other arguments.

58-M, slip op. at 2, 5 (W.D. Okla. May 5, 2005) (unpublished order by district judge).[3] The Court found that the government was responsible and ordered it to reimburse Mr. Swearingen for the loss of the property. *See* Complaint at p. 4; *United States v. Swearingen*, Case No. CR-03-58-M, slip op. at 5-6 (W.D. Okla. May 5, 2005) (unpublished order by district judge).

Two months later, the Tenth Circuit Court of Appeals held that sovereign immunity barred monetary relief. *See Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005) (holding that the doctrine of sovereign immunity barred monetary relief in Rule 41(g) proceedings when the government no longer possessed the property). Based on that ruling, the Western District of Oklahoma vacated its grant of monetary relief. *United States v. Swearingen*, Case No. CR-03-58-M, slip op. at 1-2 (W.D. Okla. Apr. 14, 2006) (unpublished order by district judge); *see* Complaint at p. 4.[4]

Mr. Swearingen filed a federal tort claim, and the government denied relief. *See* Complaint at p. 4. The present action followed with a request for "actual damages" stemming from the property loss. *Id.* at p. 6.

### Standard for Consideration of Subject-Matter Jurisdiction

In part, the Defendant seeks dismissal based on a lack of subject-matter jurisdiction. Ordinarily, this argument would trigger Fed. R. Civ. P. 12(b)(1). But when the challenge to

---

[3]  Mr. Swearingen referred to this order in his complaint, and it is central to his claim. Consequently, the Court may consider the order in connection with the motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

[4]  The Plaintiff provided a copy of this order for the Court.

subject-matter jurisdiction is intertwined with the merits, the Court must consider the motion as one under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[5]  Thus, the threshold issue is whether the challenge to subject-matter jurisdiction is intertwined with the merits.  The Court should answer in the affirmative.

The issues are intertwined when "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (citations & footnote omitted).  When a defendant challenges the applicability of the FTCA based on an exception in 28 U.S.C. § 2680, issues affecting jurisdiction and the merits are considered intertwined.[6]

The Plaintiff has sued under the FTCA and the Defendant contends that sovereign immunity applies.  Both parties agree that the FTCA creates a waiver of sovereign immunity.  *See infra* pp. 5-6.  According to the Defendant, however, the FTCA does not apply because of an exception in 28 U.S.C. § 2680(c).  If the Defendant's argument were to prevail, the FTCA would not apply, the United States would enjoy sovereign immunity, and the underlying claim would fail because Mr. Swearingen bases civil liability on the statute.  In

---

[5] *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) ("Because resolution of the jurisdictional issue in this case was intertwined with the merits, the district court was required to convert the government's 12(b)(1) motion into a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment." (citations omitted)).

[6] *See Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991) ("the determination of whether the FTCA excepts the government's actions from its waiver of sovereign immunity involves both jurisdictional and merits issues"); *see also Franklin Savings Corp. v. United States*, 180 F.3d 1124, 1129-30 (10th Cir. 1999) (the applicability of the discretionary-function exception in 28 U.S.C. § 2680(a) involves both the merits and jurisdiction).

these circumstances, issues involving subject-matter jurisdiction and the merits are intertwined and the Court must consider the jurisdictional challenge as a motion to dismiss for failure to state a valid claim under Fed. R. Civ. P. 12(b)(6).

Under this rule, dismissal is proper only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

<u>The Existence of Subject-Matter Jurisdiction</u>

The Defendant enjoys sovereign immunity on the Plaintiff's claims.

"The concept of sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992) (citation omitted). The Court may find consent only when Congress unequivocally reflects its intent to waive sovereign immunity "in the statutory text." *United States v. Murdock Machine and Engineering Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996).

The United States provided a limited waiver of immunity in the FTCA.[7] The waiver contains multiple exceptions,[8] including one for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."[9] This "exception" contains its own "exception," providing that the FTCA does not:

> apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if–
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

Federal Tort Claims Act, 28 U.S.C. § 2680(c) (footnote omitted).

---

[7] *See Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006) ("The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment." (citation omitted)).

[8] *See Kosak v. United States*, 465 U.S. 848, 852 (1984) ("The [FTCA's] broad waiver of sovereign immunity is . . . subject to 13 enumerated exceptions" (citing 28 U.S.C. § 2680(a)-(n))).

[9] Federal Tort Claims Act, 28 U.S.C. § 2680(c).

The Defendant argues that Mr. Swearingen's situation falls within the exception for claims involving the "detention of . . . goods." The Defendant is correct.

The parties agree that the FTCA provides a waiver of sovereign immunity,[10] and the disagreement involves the scope of the waiver. The disagreement over the scope can be resolved by an examination of the statutory language.

The starting point is the waiver itself. Section 2680(c) generally provides that the FTCA does not apply to claims arising out of "the detention of any goods, merchandise, or other property by" a law enforcement officer. 28 U.S.C. § 2680(c); *see supra* p. 5. The parties do not dispute that the Plaintiff's claim involves conduct by a law enforcement officer. Thus, the threshold issue is whether the claim arises out of the officer's detention of goods or merchandise. It does.

The exception in Section 2680(c) renders the FTCA inapplicable when the claim involves "negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984). Thus, the Tenth Circuit Court of Appeals has held that Section 2680(c) renders the FTCA inapplicable to a claim that law enforcement officials had lost an inmate's property.[11]

---

[10]     *See supra* pp. 3, 5.

[11]     *See Robinson-Bey v. Feketee*, 219 Fed. Appx. 738, 739, 741-42 (10th Cir. Mar. 2, 2007) (unpublished op.) (holding that the exception in 28 U.S.C. § 2680(c) applies to an FTCA claim involving loss of an inmate's property), *cert. denied*, __ U.S. __, 128 S. Ct. 1216 (2008); *Walkner v. United States*, 43 Fed. Appx. 340 (10th Cir. Aug. 2, 2002) (unpublished op.) (holding that the exception in Section 2680(c) applies to an FTCA claim involving loss of an inmate's paintings).

The Plaintiff states that the officer should not have sent the goods to a third-party. But the claim still arises out of the law enforcement officer's "detention of goods" when they are given to a third-party.[12]

The resulting issue is the applicability to the "exception to the exception" in Section 2680(c). This provision states that even when the claim arises out of a law enforcement officer's detention of goods, the FTCA would apply when four conditions exist. 28 U.S.C. § 2680(c)(1)-(4); *see supra* p. 5. All of the conditions stem from the first one, which is seizure of the property for the purpose of forfeiture.[13]

The Plaintiff concedes that the property in dispute was not seized as part of a forfeiture. *See* Courtroom Minute Sheet (Aug. 4, 2008). As a result, the "exception to the exception" in Section 2680(c) does not apply, and Mr. Swearingen's underlying claim arises out of a law enforcement officer's detention of goods that were ultimately lost. In these

---

[12] *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (holding that 28 U.S.C. § 2680(c) applies when the claimant alleged that law enforcement officials had detained his personal property and mailed it to a third-party).

[13] 28 U.S.C. § 2680(c)(1)-(4); *see Ali v. Federal Bureau of Prisons*, __ U.S. __, 128 S. Ct. 831, 837 (2008) (*dictum*) (stating that the amendment in 28 U.S.C. § 2680(c)(1)-(4) "does not govern petitioner's claim because his property was not 'seized for the purpose of forfeiture,' as required by paragraph (1)"); *see also Dahler v. United States*, 473 F.3d 769, 772 (7th Cir. 2007) (*per curiam*) (stating that the exception in the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2680(c)(1)-(4), merely ensures that Section "2680(c) does not foreclose claims related to property that has been seized for forfeiture in the enumerated circumstances"), *abrogated in part on other grounds*, *Ali v. Federal Bureau of Prisons*, __ U.S. __, 128 S. Ct. 831 (2008); *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) ("We hold that, under [the Civil Asset Forfeiture Reform Act of 2000], the re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized solely for the purpose of forfeiture.").

circumstances, the FTCA does not apply and the United States is protected by sovereign immunity.

### Recommendation

The Defendant is entitled to sovereign immunity on the present claims, and this Court lacks subject-matter jurisdiction. Because the jurisdictional issue is intertwined with the merits, the Court should grant the Defendant's motion and dismiss the action for failure to state a valid claim.

### Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 28, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral is terminated.

Entered this 8th day of August, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge